# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **LUCAS HORTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| **SUNPATH, LTD.** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT SUNPATH, LTD.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant, SunPath LTD., by and through its undersigned counsel, hereby removes the above-captioned action, by the filing of this Notice of Removal with the Clerk of the Small Claims Court of Dallas County, Texas. As grounds for removal, Defendants state as follows:

1. On or about June 19, 2020, Plaintiff Lucas Horton ("Plaintiff") filed an action in the Small Claims Court of Dallas County, Texas entitled Lucas Horton v. SunPath, LTD under Case No. JS2000148D (the "State Court Action").

2. On or about July 2, 2020, Defendant was served with the citation and complaint. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit 1. The accompanying citation is attached hereto as Exhibit 2.

3. Undersigned counsel made repeated requests that the Small Claims Court provide a copy of the docket sheet to be included with this Notice of Removal, pursuant to Local Rule 81.1, but the staff of the Small Claims Court refused to provide one by the time for removal of this case. Efforts will continue and supplementation will occur, if the Clerk of the Small Claims Court does provide the docket sheet.

4. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings served on Defendants in the State Court Action can be found in Exhibits 1 and 2.

5. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. Proc., Rule 6, this Notice of Removal is timely because it has been filed within 30 days of Defendant's receipt of the citation and complaint.

6. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

7. This action is removable to this Court under 28 U.S.C. § 1441(a), because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.

8. The Plaintiff's Complaint asserts a single cause of action: that Defendant violated Texas Business and Commerce Code § 305.053. *See* Exhibit 1, Compl. ¶ 1.

9. This case is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint falls within the limited circumstances where a state-law claim necessarily "raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Here, Plaintiff's Complaint requires the construction of federal law. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1996) (finding that federal question also arises when the determination of a right under state law cause of action incorporates federal law as one of the elements of recovery if the federal law incorporated in the state cause of action provides a federal private right of action). Indeed, to assert a claim under Texas Business and Commerce Code § 305.053, there must be a violation of the Telephone Consumer Protection

Act. *See* Tex. Bus. Com. Code § 305.053 ("[a] person who receives a communication that violates 47 U.S.C. § 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication…"). And, the TCPA provides a private right of action for violations and statutory damages in the amount of $500 for each separate violation and up to $1,500 for each willful violation. *See* 47 U.S.C. 227 § (b)(3), (f)(1). Thus, this case is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10. As a result, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because Plaintiff's Complaint is founded on claims or rights arising under the laws of the United States, and removal is appropriate under 28 U.S.C. § 1441.

11. By filing this Notice of Removal, Defendant does not waive any defenses that it may have to Plaintiff's claims.

                              Respectfully submitted,

                              By: */s/Jason Wagner*
                                  Jason Wagner
                                  jwagner@jwagnerlaw.com
                                  State Bar No. 00795704
                                  Federal Bar No. 20325
                                  1110 Kingwood Drive, Suite 280
                                  Houston, Texas 77339
                                  Telephone:   (713) 554-8450
                                  Facsimile:     (713) 554-8451

                              ATTORNEYS FOR DEFENDANT

OF COUNSEL:

**WAGNER LAW, PLLC**
1110 Kingwood Drive
Suite 280
Houston, Texas 77339
Telephone:   (713) 554-8450
Facsimile:    (713) 554-8451

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant's Notice of Removal** was served, pursuant to Federal Rule of Civil Procedure 5, via United States certified mail, return receipt requested, and email, on this the 16th day of July 2020, to:

                Lucas Horton
            1202 Stratford Drive
        Richardson, Texas 75080

                                      */s/Jason Wagner*_____
                                        Jason Wagner