**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LUCAS HORTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 3:20-cv-01884-B-BH** |
| | § | |
| **SUNPATH, LTD.** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT SUNPATH, LTD.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant SunPath, Ltd. ("SunPath"), by and through undersigned counsel, submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and would show this Honorable Court as follows.

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................1

II.   STATEMENT OF FACTS..................................................................................................1

III.  LEGAL STANDARD ........................................................................................................2

IV.   ARGUMENT .....................................................................................................................4

    A.   **This Court Lacks General Jurisdiction over SunPath.** ........................................5

    B.   **This Court Lacks Specific Jurisdiction over SunPath.**.......................................5

    C.   **Asserting Personal Jurisdiction over SunPath Does Not Comport with the
        Principles of Fair Play and Substantial Justice.** ...................................................7

    D.   **Direct Liability Is Not Plausibly Alleged as to SunPath.** ................................8

V.    CONCLUSION ................................................................................................................11

# TABLE OF AUTHORITIES[1]

**Cases**

*Alexander v. Greenwood Hall, Inc.*, CIVIL ACTION NO. 4:18-CV-04540, 2019 U.S. Dist. LEXIS 113956 (S.D. Tex. July 8, 2019)................................................................................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................ 3, 4, 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).............................................. 3, 4, 11

*Born v. Celtic Mktg., LLC*, 8:19-cv-01950-JLS-ADS 2020 U.S. Dist. LEXIS 89220 (C.D. Cal. May 20, 2020)...............................................................................................7

*Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010) ...............................................4

*Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471 (E.D. Tex. 2019) .................... 2, 11

*Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595 (S.D. Tex. 1996)...........................8

*Head v. Las Vegas Sands, LLC*, 760 F. App'x 281 (5th Cir. 2019) .................................5

*Hudnall v. State Bar of Ga.*, EP-15-CV-364-KC, 2016 U.S. Dist. LEXIS 79663 (W.D. Tex. June 18, 2016)...............................................................................................4

*Lander v. Larocque*, CIVIL ACTION NO. 4:18-CV-00811-ALM-CAN, 2019 U.S. Dist. LEXIS 212460 (E.D. Tex. Nov. 6, 2019) ...............................................................3

*Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, CIVIL ACTION NO. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195 (S.D. Tex. May 24, 2018) ...............................................................8

*Monkton Ins. Servs. v. Ritter*, 768 F.3d 429 (5th Cir. 2014) ...................................6

*Reed v. Quicken Loans, Inc.*, Case No. 3:18-cv-3377-K, 2019 U.S. Dist. LEXIS 159935 (N.D. Tex. Sept. 3, 2019) .............................................................................10

---

[1] For the Court's convenience, courtesy copies of the unreported cases cited herein are included in the attached Appendix. After each initial citation to the particular case, the pages of the Appendix where the case is will be identified.

*Rodney Dewayne Ford v. Fitness International, LLC*, Case No. 3:17-cv-1460-L-BT, 2018 U.S.

    Dist. LEXIS 157238 (N.D. Tex. Aug. 15, 2018) ........................................................................ 10

*Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96 (5th Cir. 2018) ............................ 5

*Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628 (5th Cir. 2015) ................................ 3

*Walden v. Fiore*, 571 U.S. 277 (2014) ............................................................................................ 7

*Zoch v. Daimler*, CIVIL ACTION NO. 4:17-CV-00578-ALM, 2017 U.S. Dist. LEXIS 169240, (E.D.

    Tex. May 16, 2017) ................................................................................................... 2, 6, 8

**Statutes**

Texas Business and Commerce Code § 305.053 ........................................................................ 2, 9

**Other Authorities**

*In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013) ................................................. 9

## I.      INTRODUCTION

1.      There is no basis for this Court to assert personal jurisdiction over SunPath in this matter. SunPath lacks the ties to the State of Texas that are necessary to support this Court's exercise of personal jurisdiction over SunPath. SunPath is a Delaware corporation with its principal place of business in Massachusetts. *See* Appendix, pp. 1-2 (Garcia Decl. ¶ 2). Likewise, SunPath played no role in the purportedly unlawful phone calls to Plaintiff Lucas Horton ("Plaintiff" or "Horton") that form the entire basis for his claims, and Plaintiff's Complaint does not sufficiently allege that they did. The Court should therefore grant SunPath's Motion to Dismiss.

## II.     STATEMENT OF FACTS

2.      On or about June 22, 2020, Plaintiff filed a Complaint against SunPath seeking damages, for six (6) phone calls ("Subject Calls") he alleges he received in violation of Texas Business and Commerce Code § 305.053  ("TTCPA").

3.      SunPath is a Delaware corporation engaged in selling and administering extended automotive service agreements, with its principal offices in Braintree, Massachusetts. *See* Appendix, pp. 1-2 (Garcia Decl. ¶¶ 2, 9).

4.      Regardless of the merits of Plaintiff's claims that the subject calls were unlawful, SunPath was not involved with the calls at issue. SunPath does not make *any* outgoing marketing calls to consumers, nor did it make the Subject Calls to Plaintiff. Additionally, SunPath did not direct, control or authorize any party to make the alleged calls to Plaintiff. *See* Appendix, pp. 1-2 (Garcia Decl. ¶¶ 5, 6).

## III.   LEGAL STANDARD

5.      It is well established that "[a]fter a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019) (quoting *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 U.S. Dist. LEXIS 101757, at *4 (E.D. Tex. June 19, 2018) (Appendix, pp. 100-113). To satisfy this burden, a plaintiff must "'present sufficient facts to make out only a *prima facie* case supporting jurisdiction,' if [the] court rules on [the] motion without an evidentiary hearing." *Id.* (quoting *Lahman*, 2018 U.S. Dist. LEXIS 101757, at *4). A plaintiff's allegations are "taken as true except to the extent that they are contradicted by defendant's affidavits." *Id.* (quoting *Lahman*, 2018 U.S. Dist. LEXIS 101757, at *4).

6.      However, "a court is not required to credit conclusory allegations even if they are uncontroverted." *Zoch v. Daimler*, CIVIL ACTION NO. 4:17-CV-00578-ALM, 2017 U.S. Dist. LEXIS 169240, at *7 (E.D. Tex. May 16, 2017) (Appendix, pp. 50-60) (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). Therefore, a plaintiff may not rest on conclusory allegations but must allege facts which connect a defendant's actions to the forum state. *See Lander v. Larocque*, CIVIL ACTION NO. 4:18-CV-00811-ALM-CAN, 2019 U.S. Dist. LEXIS 212460, at *13 (E.D. Tex. Nov. 6, 2019) (Appendix, pp. 28-33) (explaining that a plaintiff cannot meet his burden unless he provides facts connecting defendant's actions to the forum) (citing *Lahman*, 2018 U.S. Dist. LEXIS 101757, at *5)). If the defendant's affidavits directly contradict the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[] ha[s] established a prima facie case of personal jurisdiction through *nonconclusory* allegations supported by *admissible*

- 2 -

evidence." *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015) (emphasis added).

7.      Furthermore, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

8.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]". *Twombly*, 550 U.S. at 555 (internal citations omitted).

9.      "Factual allegations must be enough to raise a right to relief above the speculative level . . . " *Twombly*, 550 U.S. at 555 (internal citation omitted). Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops

short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

## IV.   ARGUMENT

10.   "A district court may exercise personal jurisdiction over a nonresident defendant if: '(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution.'" *Hudnall v. State Bar of Ga.*, EP-15-CV-364-KC, 2016 U.S. Dist. LEXIS 79663, at *6 (W.D. Tex. June 18, 2016) (Appendix, pp. 21-27) (quoting *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010)). Here, "Texas's long-arm statute extends to the limits of due process, [thus] the [c]ourt's inquiry is limited to whether exercising personal jurisdiction over the defendant offends due process." *Id.* (citing *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012); *Clemens*, 615 F.3d at 378; *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008)). Under this standard, the relevant inquiry is whether "'(1) that defendant has purposefully availed [it]self of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.'" *Clemens*, 615 F.3d at 378 (quoting *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)).

11.   "'Minimum contacts' can give rise to either specific jurisdiction or general jurisdiction." *Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). General jurisdiction may be exercised over a defendant only "when [its] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear*

*Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction, on the other hand, is appropriate "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019) (quoting *Sangha*, 882 F.3d at 101).

### A.  This Court Lacks General Jurisdiction over SunPath.

12.      SunPath is not "at home" in Texas to permit this Court to exercise general jurisdiction over it. In order for a court to exercise general jurisdiction over a defendant, the defendant's "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Sangha*, 882 F.3d at 101 (quoting *Goodyear*, 564 U.S. at 919). "[F]or a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are thus paradigm bases for jurisdiction." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.* (citing *Daimler AG*, 571 U.S. at 137; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411-12, 418 (1984)).

13.      As previously noted, SunPath is incorporated in Delaware, and has its principal place of business in Braintree, Massachusetts. *See* Appendix, pp. 1-2 (Garcia Decl. ¶ 2). SunPath does not have any contact with Texas that would be considered continuous and systematic. *See* Appendix, pp. 1-2 (Garcia Decl. ¶¶ 3-6). Therefore, this Court cannot exercise general jurisdiction over SunPath.

### B.  This Court Lacks Specific Jurisdiction over SunPath.

14.     In addition to lacking general jurisdiction over SunPath, the Court also lacks specific jurisdiction as SunPath does not have ties to this matter that warrant an assertion of specific jurisdiction. Specific jurisdiction over a non-resident defendant exists where: (1) the "defendant has minimum contacts with the forum state, i.e., . . . it [has] purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) . . . the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) . . . the exercise of personal jurisdiction is fair and reasonable." *Alexander v. Greenwood Hall, Inc.*, CIVIL ACTION NO. 4:18-CV-04540, 2019 U.S. Dist. LEXIS 113956, at *32 (S.D. Tex. July 8, 2019) (Appendix, pp. 3-15) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). "[T]he plaintiff bears the burden of satisfying the first two prongs; *if the plaintiff is successful*, the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable." *Zoch v. Daimler*, 2017 U.S. Dist. LEXIS 169240 at *10 (emphasis added) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

15.     The first two prongs of the test for specific jurisdiction simply cannot be met here. SunPath has no connection to the Subject Calls that warrant this Court's exercise of specific jurisdiction with regards to the allegations giving rise to this case. Plaintiff purports, but provides no facts to plausibly support, his allegations he received phone calls that violate the TTCPA. His allegations are insufficient and are rebutted by sworn declaration testimony.

16.     Indeed, as previously noted, SunPath is a third party administrator of extended vehicle service contracts. *See* Appendix, pp. 1-2 (Garcia Decl. ¶ 9). SunPath does not engage in outbound telemarketing itself, and did not initiate the calls to Plaintiff. *Id.* ¶ 5.

- 6 -

Further, SunPath did not direct, oversee, or manage any third party in initiating the calls to Plaintiff. *Id.* ¶ 6.

17.     The U.S. District Court for the Central District of California recently held that it lacked personal jurisdiction—both general and specific—over SunPath in a similar TCPA case. *See Born v. Celtic Mktg., LLC*, 8:19-cv-01950-JLS-ADS 2020 U.S. Dist. LEXIS 89220 (C.D. Cal. May 20, 2020) (Appendix, pp. 16-20). Specifically, the court granted SunPath's motion to dismiss under Fed. R. Civ. P. 12(b)(2), supported by similar declarations from Mr. Garcia, after a finding that the plaintiff "failed to show that Sun[P]ath [] exercise[d] any control over [the phone calls at issue]...." *Id.* at *13. However, unlike in *Born*, Plaintiff makes no allegations whatsoever to demonstrate SunPath's connection with Texas, and even if he did, it would not satisfy his burden to establish specific jurisdiction over SunPath. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("the relationship [between the defendants and the forum] must arise out of contacts that the 'defendant *himself*' creates with the forum State." (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in original). Plaintiff has not— because he cannot—allege any actions that SunPath directed to Texas in connection with the Subject Calls. Therefore, this Court has no specific jurisdiction over SunPath, and, as such, this Complaint should be dismissed as to it with prejudice.

**C.  Asserting Personal Jurisdiction over SunPath Does Not Comport with the Principles of Fair Play and Substantial Justice.**

18.     Only when the Court finds that minimum contacts with the forum state exist does it need to determine whether the exercise of personal jurisdiction over SunPath would comply with the traditional notions of fair play and substantial justice. *Zoch*, 2017 U.S. Dist. LEXIS 169240 at *10; *see also Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, CIVIL ACTION NO. 4:18-CV-0248, 2018 U.S. Dist. LEXIS 87195, at *8 (S.D. Tex. May 24, 2018) (Appendix, pp. 34-39)

("In addition to minimum contacts, due process requires the exercise of personal jurisdiction to comply with traditional notions of fair play and substantial justice." (quoting *Dejoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 388 (5th Cir. 2015))). In order to comply with the notions of fair play and substantial justice, "[t]he relationship between the defendant and the forum state must be such that it is reasonable to require the [company] to defend the particular suit." *Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

19.     For the reasons noted above, without the existence of a relationship between SunPath and Texas, there is nothing to make this Court's exercise of personal jurisdiction reasonable. In fact, it is inherently unreasonable to require SunPath to travel to Texas to defend itself when there is no evidence supporting its involvement with the Subject Calls. The notions of fair play and substantial justice do not support a finding of personal jurisdiction over SunPath.

**D.  Direct Liability Is Not Plausibly Alleged as to SunPath.**

20.     As this Court does not have personal jurisdiction over SunPath, the Complaint should also be dismissed because Plaintiff failed to state a claim. The Telephone Consumer Protection Act ("TCPA") prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call,' or 'to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called."47 U.S.C. § 227(b)(1)(A)(iii), (B). "To state a claim under the TCPA for calls made to a cellular

- 8 -

phone, a plaintiff is required to allege that a call was made to a cell or wireless phone by the use any automatic dialing system or an artificial or prerecorded voice and without prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Texas Business and Commerce Code Chapter 305 incorporates the federal statute and made violation of such a state cause of action. In relevant part, the Texas statute provides that a "person who receives a communication that violates the [TCPA] . . . may bring an action in this state against the person who originates the communication." TEX. BUS. & COM. CODE § 305.053.

21.     The potential for direct liability under the TCPA can apply only under certain circumstances, and only to entities that "initiate" the telemarketing calls, (*see In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013) (Appendix, pp. 71-99), neither of which is alleged here as to SunPath. A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call." *Dish Network*, 28 FCC Rcd. at 6583 ¶ 26. To sidestep this pleading requirement, Plaintiff's allegations fail to even allege that SunPath initiated the phone calls at issue. For example, the *only* allegation in the Complaint is, "I was called by (214) 909-74845 on 2/10, (214) 909-5125 on 2/20, (214) 909-4406 on 4/6, (214)-909-9286 on 4/11, (214)-909-6654 on 4/24, and by (214)-909-7902 on 5/11." *See* Doc. 1-1. p. 4. This Court has dismissed previous TCPA complaints under Rule 12(b)(6) that contained more plausible allegations than here. For example, in *Reed v. Quicken Loans, Inc.*, Case No. 3:18-cv-3377-K, 2019 U.S. Dist. LEXIS 159935, at *5-6 (N.D. Tex. Sept. 3, 2019) (Appendix, pp. 40-43), this Court dismissed a TCPA claim under Rule 12(b)(6) after finding allegations— that are more plausible than those alleged here—to be insufficient to state a claim under the TCPA. The *Reed* Court reasoned that although Plaintiff "avers the text messages were automated he does not plead that the text messages or phone calls were placed with an ATDS

- 9 -

that randomly or sequentially generated his number, nor does he assert that the phone calls included dead-air-time indicative of use of an ATDS." *Id.* (internal quotations omitted). Similarly, in *Rodney Dewayne Ford v. Fitness International, LLC*, Case No. 3:17-cv-1460-L-BT, 2018 U.S. Dist. LEXIS 157238, at *11 (N.D. Tex. Aug. 15, 2018) (Appendix, pp. 44-49), this Court dismissed a TCPA claim, in part, under Rule 12(b)(6) after finding plaintiff's allegations as to the use of an automatic telephone dialing system to be unavailing. More specifically, the Court determined that without alleging the source, time, frequency of the calls or whether an artificial or prerecorded voice played on the calls, simply providing there was a hold time of 30 seconds to 1 minute, before each call, was not enough to state a TCPA claim. *Id.*

22.     Here, the Complaint is clearly devoid of any allegations regarding (1) whether the calls received were unconsented to; (2) whether the calls were placed using an automatic telephone dialing system or pre-recorded voice; (3) whether SunPath placed the calls; (4) whether SunPath directed a third-party to place the calls; or even (5) whether the calls were placed to his cell phone. Thus, Plaintiff's purported claim of direct liability is facially *implausible*. Even under a liberal reading, Plaintiff's Complaint cannot survive the Court's most basic scrutiny pursuant to the standards enunciated in *Twombly* and *Iqbal*. And, where a plaintiff's underlying TCPA claims fail, his TTCPA claim must also fail. *See Cunningham v. CBC Conglomerate LLC*, CIVIL ACTION NO. 4:17-CV-00793-ALM-CAN, 2019 U.S. Dist. LEXIS 224240, at *20-21 (E.D. Tex. Dec. 4, 2019) (Appendix, pp. 61-70), *adopted by* 359 F. Supp. 3d 471 (E.D. Tex. 2019) (concluding that because the defendants are entitled to summary judgment as to [p]laintiff's 47 U.S.C. § 227(b) claims . . .defendants are also entitled to summary judgment as to calls on those dates for [p]laintiff's claim under the Texas Business and Commerce Code.") As such, his claims should be dismissed as they were insufficiently

pleaded and cannot serve as a basis upon which to connect SunPath to Texas for purposes of showing minimum contacts with the forum.[2]

## V.   CONCLUSION

23.     For the reasons set forth above, Defendant SunPath respectfully moves this Court to enter an Order dismissing Plaintiff Lucas Horton's Complaint for lack of personal jurisdiction, failure to state a claim, and for such further relief as this Court may allow.

Respectfully submitted,

By: /s/ Jason Wagner
       Jason Wagner
       jwagner@jwagnerlaw.com
       State Bar No. 00795704
       Federal Bar No. 20325
       1110 Kingwood Drive, Suite 280
       Houston, Texas 77339
       Telephone:    (713) 554-8450
       Facsimile:    (713) 554-8451

ATTORNEYS FOR DEFENDANT

---

[2] Additionally, allowing Plaintiff to cure any of his fatal deficiencies via an amendment to allege that SunPath is liable for the actions of some unnamed party would be futile and nevertheless still fail to establish specific personal jurisdiction. Plaintiff would be unable to substantiate any assertion that an agency relationship existed between SunPath and some unnamed called party because, as Mr. Garcia testify, SunPath did not authorize, direct, oversee, or manage any party in initiating the calls at issue to the Plaintiff. *See generally* Appendix, pp. 1-2 (Garcia Decl. ¶ 6). Therefore, any request to further amend the pleadings should be denied as futile because no theory of direct or vicarious liability against SunPath could prevail. *See Walker v. Beaumont Indep. Sch. Dist.*, 2016 U.S. Dist. LEXIS 41408, at *51 (E.D. Tex. Mar. 11, 2016) (Appendix, pp. 114-129) (finding when "a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further factual statement from the plaintiff need not be allowed.") (quoting *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)).

OF COUNSEL:

**WAGNER LAW, PLLC**
1110 Kingwood Drive
Suite 280
Houston, Texas 77339
Telephone:     (713) 554-8450
Facsimile:      (713) 554-8451

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing **Defendant SunPath, Ltd.'s Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint** was served, pursuant to Federal Rule of Civil Procedure 5, via United States certified mail, return receipt requested, on this the 23rd day of July 2020, to:

Lucas Horton
1202 Stratford Drive
Richardson, Texas 75080

*/s/Jason Wagner*
Jason Wagner
