UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Lucas Horton,** | |
| Plaintiff, | Case No.3:20-cv-01884-B-BH |
| v. | |
| **SunPath, Ltd.,** | |
| Defendant. | |

## FIRST AMENDED COMPLAINT

**Lucas Horton** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **SunPath, Ltd.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Richardson, Texas 75080.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a business entity with headquarters, principal place of business or otherwise valid mailing address located at 50 Braintree Hill Park, Suite 310, Braintree, Massachusetts 02184, and can be served via its registered agent in Texas at Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, Texas 78744.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant repeatedly called or had calls placed on its behalf to Plaintiff on his cellular telephone for solicitation purposes.

13. When contacting Plaintiff on his cellular telephone, Defendant and/or its agents used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant and/or its agents were calling his cellular telephone using an automatic telephone dialing system and automatic and/or pre-recorded messages as he received calls from Defendant and/or its agent that began with an automated or prerecorded message prior to a live representative or agent of Defendant coming on the line.

15. These calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

16. Plaintiff has been on the Do Not Call Registry since 2011.

17. Upon the initiation of calls or shortly thereafter, Plaintiff told Defendant and/or its agent to stop calling.

18. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted Defendant and/or its agent to stop placing calls to his cellular telephone, its continued calls could have served no lawful purpose.

19. Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling or having calls placed to Plaintiff on its behalf.

20. These incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant and/or its agent initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. These calls were not made for "emergency purposes."

24. These calls to Plaintiff's cellular telephone were made without any prior express consent.

25. Defendant and/or its agent contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2011.

26. The acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUN T II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendant and/or its agent contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2011.

32. The acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

37. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

38. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiff, LUCAS HORTON, respectfully prays for a judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B);

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

g. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

h. Any other relief this Honorable Court deems appropriate.

## Demand for Jury Trial

**Please take notice** that Plaintiff, **LUCAS HORTON**, demands a jury trial in this case.

                                    Respectfully submitted,

Dated: 08/13/2020                    By: *s/ Amy L. B. Ginsburg*
                                    Amy L. B. Ginsburg, Esq.
                                    Kimmel & Silverman, P.C.
                                    30 East Butler Pike
                                    Ambler, PA 19002
                                    Phone: 267-468-7660
                                    Facsimile: 877-788-2864
                                    Email: teamkimmel@creditlaw.com