IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUCAS HORTON, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:20-CV-1884-B-BH |
| § | |
| SUNPATH, LTD., § | |
|     Defendant. § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant SunPath, Ltd.'s Motion to Dismiss Plaintiff's Amended Complaint*, filed August 26, 2020 (doc. 22). Based on the relevant filings and applicable law, the motion should be **GRANTED in part**.

**I. BACKGROUND**

On June 19, 2020, Lucas Horton (Plaintiff) filed this *pro se* action against SunPath, Ltd. (Defendant) for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* and Texas Business and Commerce Code § 305.053, in state court. (doc. 8-1.) On July 16, 2020, Defendant removed this case on the basis of federal question jurisdiction. (docs. 1, 8.)

Plaintiff alleges that he is a resident of Richardson, Texas, and that Defendant is a business entity with its headquarters or principal place of business in Braintree, Massachusetts. (doc. 20 at 2.) He claims Defendant "conducts business in the State of Texas" and has a registered agent in Texas for service of process. (*Id.* at 1-2.) He also claims that Defendant repeatedly called him, or had calls placed on its behalf to him, in Texas for solicitation purposes. (*Id.* at 2.) Between February and May 2020, Defendant's agent, Northcoast Warranty Services (Northcoast), allegedly called his

---

[1] By *Standard Order of Reference* dated July 17, 2020 (doc. 5), this *pro se* case referred for full case management.

cellular telephone repeatedly for solicitation purposes and "used an automatic telephone dialing system and automatic and/or pre-recorded messages." (docs. 8-1 at 5; 20 at 2; 32 at 3.)[2] Even though he has been on the "Do Not Call Registry since 2011," and he told Defendant or its agent to stop calling him, "Defendant persisted in calling or having calls placed on its behalf." (doc. 20 at 3.) After the sixth call from Northcoast, Plaintiff purchased an automobile warranty service agreement administered by Defendant. (docs. 32 at 3; 32-4.) He contends that Defendant violated 47 U.S.C. § 227(b) of the TCPA because "its agent initiated multiple telephone calls to [his] cellular telephone number using an automatic telephone dialing system" that were not made for "emergency purposes" or with his prior express consent, and it violated § 227(c) because its agent called him despite him being on "the Do Not Call Registry since 2011." (doc. 20 at 3-4.) He alleges that Defendant also violated § 305.053 of the Texas Business and Commerce Code.[3] (docs. 32 at 3; 35 at 4.) He seeks monetary damages, injunctive relief, reasonable attorneys' fees, and court costs. (doc. 20 at 6.)

According to the declaration of Defendant's President, Defendant "is a third party administrator of extended service contracts for automobiles" and "is engaged primarily in the business of handling claims by policy holders and customer service for such policy holders." (doc. 24 at 3.) It is a Delaware corporation with its principal place of business in Braintree, Massachusetts. (*Id.* at 2.) Although registered to do business in the State of Texas, it does not own

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] The § 305.053 claim was asserted in the original petition, but not in the amended complaint. (*See* docs. 8-1, 20.) As explained below, because this claim is reasserted in Plaintiff's response to Defendant's motion to dismiss and his sur-reply, which are liberally construed as an amendment to the amended complaint, it is considered. (*See* docs. 32 at 3; 35 at 4.)

or lease any real estate in Texas, and "there are no office locations in Texas where [it] has ever conducted business operations of any kind." (*Id.*) Defendant does not engage in outbound telemarketing itself and does not initiate outbound sales calls to consumers, including any of the alleged calls to Plaintiff. (*Id.*) It also did not direct, oversee, or manage any third party in initiating any of the calls to Plaintiff, "or any other outbound telemarketing phone callas to consumers in Texas." (*Id.*) The declaration states that Defendant "has no role or involvement in the third-party telemarketing companies' selection of who to market to, or the manner in which they conduct their marketing operations," and it "has no oversight or control over what the marketing companies' representatives say." (*Id.* at 3.)

Defendant moves to dismiss this action for lack of personal jurisdiction, or alternatively, for failure to state a claim. (docs. 22-24). Plaintiff responded on October 7, 2020, and Defendant replied on October 15, 2020 (docs. 32, 33). Plaintiff filed a sur-reply on October 16, 2020. (doc. 35.)[4]

## II.  RULE (12)(b)(2)

Defendant moves to dismiss this action under Rule 12(b)(2) for lack of personal jurisdiction. (*See* doc. 22.)

The exercise of personal jurisdiction over a non-resident defendant is proper when: (1) the non-resident is subject to jurisdiction under the laws of the state in which the court sits; and (2) the exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-74 (1985); *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (per curiam).

---

[4]Although Plaintiff was *pro se* when the state case was removed to federal court, an attorney made an appearance on his behalf on August 3, 2020. (doc. 19.) On August 28, 2020, the attorney's motion to withdraw was granted, (doc. 28), and Plaintiff is again proceeding *pro se*.

When, as here, "an action invoking the court's federal-question jurisdiction is based on a statute that does not provide for nationwide service of process, the court looks to the law of the forum state governing personal jurisdiction to determine if the defendant is amenable to process in the forum state." *Davis v. Leavitt*, No. 4:12-CV-739-A, 2013 WL 1155375, at *1 (N.D. Tex. Mar. 19, 2013) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05 (1987)); *see* Fed. R. Civ. P. 4(k)(1); *see also Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prod., Inc.*, No. CV 17-2161, 2018 WL 1377608, at *4 (E.D. La. Mar. 19, 2018) (noting that the TDCA does not provide for nationwide service of process). Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the due process clause of the Fourteenth Amendment, only the federal due process inquiry need be addressed. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); Tex. Civ. Prac. & Rem. Code § 17.041 *et seq*. "Exercising personal jurisdiction over a nonresident defendant is compatible with due process when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Panda Brandywine Corp.*, 253 F.3d at 867.

The "minimum contacts" prong of the analysis is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There are two types of minimum contacts: those giving rise to general jurisdiction

4

and those giving rise to specific jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 3091 (2011). General jurisdiction exists where the nonresident's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Alpine View Co. Ltd. v. Atlas Copso AB*, 205 F.3d 208, 215 (5th Cir. 2000). Specific jurisdiction is appropriate where the nonresident has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that arise out of or relate to those activities." *Alpine View Co. Ltd.*, 205 F.3d at 215 (quoting *Burger King Corp.*, 471 U.S. at 472) (quotations omitted). It is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The plaintiff has the burden of establishing minimum contacts. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989).

Where, as here, no evidentiary hearing is conducted, the plaintiff need only make a *prima facie* showing in support of jurisdiction. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). The plaintiff's uncontroverted factual allegations in the complaint must be accepted as true, and all factual disputes contained in the parties' affidavits must be resolved in his favor. *Alpine View Co., Ltd.*, 205 F.3d at 215; *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). Courts are not required "to credit conclusory allegations, even if uncontroverted," however. *Panda Brandywine Corp.*, 253 F.3d at 869.

**A.     General Jurisdiction**

As noted, a court may assert general jurisdiction over a nonresident defendant when its contacts are substantial, continuous, and systematic. *Central Freight Lines Inc.*, 322 F.3d at 381 (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414). As reaffirmed by the Supreme

5

Court, these contacts must be "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). The Fifth Circuit has "consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues." *Johnston v. Multidata Systems Int'l. Corp.*, 523 F.3d 602, 610-11 (5th Cir. 2008). In determining whether general jurisdiction exists, courts do not examine each of a non-resident's contacts with the forum state in isolation from one another, but examine them "*in toto* to determine whether they constitute the kind of continuous and systematic contacts required to satisfy due process." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir. 1986).

Here, Defendant disputes the existence of general jurisdiction over it. (doc. 23 at 11-12.) It is incorporated in Delaware with its principal place of business in Massachusetts. (doc. 24 at 1.) It does not own or lease property in Texas and there are no office locations in Texas where it has ever conducted business operations of any kind. (*Id*.) While Defendant is registered to do business in Texas and has a registered agent, "the registration of an agent for process and registration to do business in Texas, without more, does not suffice to establish general jurisdiction." *Fiduciary Network, LLC v. Buehler*, No. 3:15-CV-0808, 2015 WL 2165953, at *6 (N.D. Tex. May 8, 2015); *see Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) ("A registered agent, from any conceivable perspective, hardly amounts to the general business presence of a corporation so as to sustain an assertion of general jurisdiction.").

Plaintiff has not disputed Defendant's evidence regarding its lack of contacts with Texas; he instead argues that it is "at home" in Texas based on an unspecified number of warranties sold to customers in Texas of which it is the administrator, as well as "the sheer amount of calls made

6

to Texas residents on behalf of the Defendant."[5] (doc. 32 at 4.) He does not provide any facts or evidence in support of these conclusory allegations, however. *See Panda Brandywine Corp.*, 253 F.3d at 869. Moreover, the Fifth Circuit has made clear that "[i]t is not enough a corporation do business *with* Texas" to confer general jurisdiction; rather, it "must have a business presence *in* Texas." *See Johnston*, 523 F.3d at 611 (emphasis original). As relevant here, "[s]ubstantial sales of goods, advertisement, and business registration, even with other contacts, have not been found to confer general jurisdiction." *Rawls v. Old Republic Gen. Ins. Grp., Inc.*, No. 5:19-CV-159, 2020 WL 6374621, at *8 (S.D. Tex. Sept. 25, 2020) (citing cases); *see Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir.1987) ("[T]hat [defendant] has engaged in a nation-wide advertising program does not support a finding of general jurisdiction."); *Johnston*, 523 F.3d at 612-13 (finding corporate defendant's contact with forum state insufficient to confer jurisdiction despite evidence of national advertising and sale and travel to forum state); *Central Freight Lines*, 322 F.3d at 381 (finding no general jurisdiction even through defendant sent sales people to the forum regularly to develop business, negotiate contracts, and service accounts). Accordingly, Plaintiff's factual allegations, even taken as true, "do not rise to 'continuous and systematic' contacts with Texas to

---

[5] Because Plaintiff is proceeding *pro se*, his pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). As a general rule, claims and allegations that are not raised in the complaint, but rather raised for the first time in a response to a dispositive motion are not properly before the court. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)); *see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged that she had been willfully discriminated against should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). Accordingly, Plaintiff's claims and allegations in his response and sur-reply are construed as a motion to amend, the motion is granted, and the new claims and allegations are considered.

create the necessary foreseeability by" Defendant "of being haled into a Texas court and are insufficient to impose general personal jurisdiction." *Companion Prop. & Cas. Ins. Co. v. Palermo*, No. 3:11-CV-03524-F, 2012 WL 12882078, at *6 (N.D. Tex. Jan. 31, 2000), *aff'd by* 723 F.3d 557 (5th Cir. 2013).

Because Plaintiff has alleged no facts showing that Defendant made any contacts with Texas—substantial, continuous, systematic, or otherwise, he has failed to make a *prima facie* showing of general jurisdiction against Defendant. *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 922.[6]

**B.      Specific Jurisdiction**

As discussed, specific jurisdiction over a non-resident defendant exists when a plaintiff's claims against the defendant arise out of or relate to activities that the defendant purposefully directed at the forum state. *Burger King Corp.*, 471 U.S. at 472. Specific jurisdiction is a claim-specific inquiry and requires less pervasive contacts with the forum state than general jurisdiction. *McFadin*, 587 F.3d at 759 (5th Cir. 2009).

Defendant also argues that specific jurisdiction over it is lacking. (doc. 23 at 12-15.) Plaintiff's allegations against it are based solely on the telemarketing calls he received from it or its agents. (doc. 20 at 2-3.) He claims that Defendant hired Northcoast, the company that contacted him on its behalf; it had control over the firms it hired; and it is vicariously liable as it had benefitted from the calls to him. (doc. 32 at 5.) In support, he provides the sales contract and booklet for the warranty sold to him by Northcoast that identifies Defendant as the Administrator. (*See* docs. 32-

---

[6]Because Defendant does not have the requisite minimum contacts with Texas, it is unnecessary to consider whether exercising jurisdiction would comport with traditional notions of fair play and substantial justice. *See Southern Copper, Inc. v. Specialloy, Inc.*, No. 00-50408, 2000 WL 1910176, at *4 (5th Cir. Dec. 22, 2000) (per curiam); *Felch v. Transportes Lar–Mex SA DE CV*, 92 F.3d 320, 329 n. 20 (5th Cir. 1996).

1–32-4.) He claims that this is evidence of the "high level of cooperation" between Defendant and Northcoast. (doc. 32 at 5.)

"The actions of an agent may establish minimum contacts over a principal." *McFadin*, 587 F.3d at 761. "As such, a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there." *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (citing *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987)). Under Texas law, in order to prove agency, "evidence must establish that the principal has both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task." *Indian Harbor Ins. Co. v. Valley Forge Ins. Group*, 535 F.3d 359, 364 (5th Cir. 2008). An agency relationship must be affirmatively established and not presumed. *See Coffey v. Fort Wayne Pools, Inc.*, 24 F. Supp.2d 671, 677 (N.D. Tex. 1998).

Plaintiff has not alleged any facts to show that Defendant directly contacted him. He has not alleged that Defendant directed Northcoast to take any action with respect to Texas, or that it assigned any tasks to Northcoast concerning Texas, and that it controlled or had the means to control such a task. *See Indian Harbor Ins. Co.*, 535 F.3d at 364. Its supporting declaration states that it "has no role or involvement in the third-party telemarketing companies' selection of who to market to, or the manner in which they conduct their marketing operations." (doc. 24 at 3.) It also states that Defendant "has no oversight or control over what the marketing companies' representatives say," and that "[t]he marketing operations of these companies, including how they obtain leads and what scripts they use, are conducted independently by the telemarketing companies themselves." (*Id.*)

Plaintiff argues that the warranty booklet he received directly contradicts this declaration because it "clearly shows cooperation" and an agreement between Defendant and Northcoast. (docs.

9

32 at 5; doc. 32-4.) As explained, however, for an agency relationship to exist, Defendant must have had the authority to assign tasks and control the means and details of the process by which the third-party company responsible for calling Plaintiff in Texas conducts its business. *See Indian Harbor Ins. Co.*, 535 F.3d at 364. Apart from Defendant being listed as the administrator of the warranty Northcoast sold him, Plaintiff does not allege or point to any evidence showing that Defendant played any role in contacting him by phone. His conclusory allegation that Defendant acted in an agency relationship with telemarketing companies to contact him in Texas to sell warranties does not suffice to impute Northcoast's actions to Defendant under an agency theory. *See Havel v. Honda Motor Europe Ltd.*, No. H-1291, 2014 WL 4967229, at *15 (S.D. Tex. Sept. 30, 2014) (finding the plaintiffs did not meet the burden necessary to impute a defendant's actions to another where the defendant never directed the other defendant to "take action" with respect to the State of Texas and the plaintiffs did not allege or show how the defendant "direct[ed] its agents or distributors to take action" with respect to Texas). Accordingly, Plaintiff has failed to make a *prima facie* showing of specific jurisdiction against Defendant.

Because Plaintiff has failed to meet his burden, Defendant's motion to dismiss for lack of personal jurisdiction should be granted.[7]

### III. RECOMMENDATION

Defendant's motion to dismiss for lack of personal jurisdiction should be **GRANTED**, and its motion to dismiss for failure to state a claim should be **DENIED as moot**. All of Plaintiff's claims against Defendant should be **DISMISSED without prejudice** for lack of personal jurisdiction.

---

[7] Because Defendant's motion should be granted for lack of personal jurisdiction, it is unnecessary to reach its alternative grounds for dismissal under Rule 12(b)(6) for failure to state a claim. (*See* doc. 23 at 16-21.)

**SO RECOMMENDED** on this 16th day of February, 2021.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE